■ In the Matter of the Claim of MICHAEL PIERGIOVANNI, Respondent, v S & L METAL PRODUCTS et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed February 23, 1979 and June 29, 1979. On April 25, 1966, claimant sustained a compensable injury to his right shoulder and low back. He received awards for 20 weeks of intermittent lost time and the case was closed on September 5, 1969 on a nonschedule adjustment award of $3,000. A C-71 dated September 5, 1969, indicated that claimant had a mild permanent partial disability. Thereafter, claimant began working for another employer, appellant herein, and on August 2, 1974 he injured his back and right leg. He was disabled from August 4, 1974 until April 21, 1975 when he returned to work at a different occupation. A referee ruled that claimant had a permanent partial disability and made an award from April 21, 1975 to September 21, 1976. The referee further ruled that the case was subject to the provisions of section 15 (subd 8, par [d]) of the Workers' Compensation Law. The carrier appealed that decision to the board, contending that the finding of permanent partial disability was improper in that claimant's condition had returned to "status quo ante" and that claimant's disability was not due solely to the accident of August 2, 1974. The Special Fund, in its application to the board, contended that if claimant had no permanent partial disability due to the August 2, 1974 accident, then there would be no subdivision 8 of section 15 liability. The board restored the case to the referee's calendar for further consideration of the questions of continuing causally related disability due to the August 2, 1974 accident and subdivision 8 of section 15 liability. Thereafter, a referee ruled that claimant had a 50% earning capacity, of which one half was due to each accident. Claimant appealed that decision to the board, contending that his disability resulted entirely from the August 2, 1974 accident and that the 1966 incident played no part in his present disability. The board, in a decision filed February 23, 1979, concluded that, based on Dr. Parisi's reports, claimant's disability was due solely to the 1974 accident and it discharged the Special Fund from liability. Upon appeal to this court, the employer and its carrier contend that the board's decision is not supported by substantial evidence. We agree. Dr. Michele, claimant's physician, testified on cross-examination that both accidents were responsible for claimant's current partial disability. Dr. Golub, the carrier's consultant, testified that at the time of his examination, he found no disability related to the 1974 accident. Dr. J. Alo, the board medical examiner, testified that the 1974 accident may have permanently aggravated the pre-existing condition. The board, however, ignored this medical testimony and instead relied solely upon the reports of Dr. Parisi, who did not testify. Although in all his reports included in the record Dr. Parisi answered "yes" to the question of whether claimant's disability was caused by the occurrence of August 2, 1974, he either answered "no" or did not answer the question of whether claimant had "any history or evidence of pre-existing injury, disease or physical impairment". In view of the contrary medical testimony elicited at the hearings, and since Dr. Parisi was apparently unaware of the 1966 injury, the board's reliance upon equivocal medical reports not subject to cross-examination cannot be sustained. Since the board's decision is not supported by substantial evidence, there must be a

reversal. Decisions reversed, with costs to the employer and its insurance carrier against the Special Disability Fund, and matter remitted to the board for further proceedings not inconsistent herewith. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.